UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAFAEL LINARES,

               Petitioner,         Case No. 2:17-cv-10627
                                            Hon. Paul D. Borman

v.

J.A. TERRIS,

               Respondent.
_____/

## **OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Federal inmate Rafael Linares ("Petitioner") filed a pro se habeas corpus petition under 28 U.S.C. § 2241. The petition asserts that the Bureau of Prisons ("BOP") prevented him from completing participation in the Residential Drug Abuse Treatment Program ("RDAP"). Respondent argues that Linares is not entitled to relief because he failed to exhaust administrative remedies and because his claim is without merit. The petition will be denied because Linares has no constitutional right to participation in the RDAP, and the record shows that he voluntarily withdrew from the program on three occasions.

### **I. Background**

Petitioner was convicted in the United States District Court for the Southern District of Texas of conspiracy to possess with intent to distribute 1,000 kilograms or

more of marijuana. 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). He was sentenced on January 23, 2014, to 70 months' imprisonment and 3 years' supervised release.

The BOP initially determined that Petitioner was ineligible for participation in the RDAP because he tested below the required literacy level and because under regulations in effect at the time Petitioner's prior Illinois conviction for aggravated kidnaping disqualified him from early release. *See* 28 C.F.R. § 550.55(b)(4)(vi) (2009).[1]

On January 28, 2015, Petitioner sought entry into the RDAP, but the Warden at FCI Milan denied the request due to Petitioner's low reading score and his failure to demonstrate that he had a substance abuse problem. Petitioner successfully appealed this determination in the North Central Regional Office after it was determined that Petitioner earned his GED, and he was subsequently placed on the waiting list for the RDAP.

Petitioner was transferred to FCI Pekin in Illinois, where he began participation in the RDAP. On August 7, 2015, Petitioner was warned that his poor conduct in the program could lead to his expulsion. On August 11, 2015, Petitioner was charged with

---

[1] On May, 26, 2016, the regulations were amended so that only "[i]nmates who have a prior felony or misdemeanor conviction within the ten years prior to the date of sentencing for their current commitment for" kidnaping, among other offenses, are precluded from early release eligibility. 28 C.F.R. § 550.55(b)(4) (May 26, 2016).

2

aiding in the possession of a cell phone. BOP records show that Petitioner asked to withdraw from the RDAP so he could resolve the misconduct before being involuntarily expelled from the program. Dkt. 5-10.

Petitioner transferred back to FCI Milan, and he again began participation in the RDAP on February 1, 2016. According to BOP records, Petitioner demonstrated inappropriate behavior during the RDAP meetings. As a result, on March 24, 2016, Petitioner withdrew from the program after complaining about how it was being run. Dkt. 1, Exhibit G-1.

Petitioner then filed the instant habeas petition on February 27, 2017, asserting that the actions of the BOP were preventing him from completing the RDAP program.

On March 27, 2017, Petitioner was again admitted into the RDAP at FCI Milan. BOP records indicate that on April 25, 2017, Petitioner again voluntarily withdrew from the program. Dkt. 5-13.

## II. Analysis

As an initial matter, Respondent asserts that the petition should be dismissed because Petitioner failed to exhaust his administrative remedies in the BOP. It is well established that "[f]ederal prisoners must exhaust their administrative remedies prior to filing a habeas petition under § 2241." *Fazzini v. Northeast Ohio Correctional Ctr.*, 473 F.3d 229, 231-32 (6th Cir. 2006). It appears that Petitioner failed to exhaust his

3

administrative remedies through the BOP, if indeed he had any remedies after voluntarily withdrawing from the RDAP. Although exhaustion is a prerequisite to relief, it is not jurisdictional, and a court may deny an unexhausted § 2241 petition on the merits rather than requiring further exhaustion. *See Ayers v. Walton*, No. 2:10-CV-13991, 2011 WL 1792770, at * 2 (E.D. Mich. April 25, 2011) (quoting *Brown v. Rison*, 895 F.2d 533, 535 (9th Cir. 1990)). Because the record shows that Petitioner is not entitled to habeas relief, the Court will proceed to the merits.

Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting 28 U.S.C. § 2241(c)). In order to prevail on a due process claim, a petitioner must show that the government has interfered with a protected liberty or property interest. Petitioner must show either: (1) that he had a constitutionally protected interest to participate in the RDAP or in his early release, or (2) that the denial thereof creates an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 483-84 (1995). Petitioner can make neither showing.

Under 18 U.S.C. § 3621(e)(2)(B) and 28 C.F.R. § 550.55 the BOP has the authority, but not the duty, to reduce an inmate's term of imprisonment for completion

4

of the RDAP program. *Lopez v. Davis*, 531 U.S. 230, 241 (2001). Federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated or to be conditionally released before the expiration of a valid sentence. *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979)). Accordingly, the BOP's alleged failure to allow Petitioner to complete participation in the RDAP did not implicate his constitutional rights.

Moreover, the record shows that the BOP did not prevent Petitioner from completing the RDAP. Petitioner was admitted to the program on three occasions, and each time Petitioner chose to voluntarily withdraw from the program before he was expelled.

The petition will therefore be **DENIED**.

**SO ORDERED.**

s/Paul D. Borman
Paul D. Borman
United States District Judge

Dated: January 16, 2018

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 16, 2018.

s/Deborah Tofil
Case Manager